**[12 PAGES]**
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
GEORGE A. GUTHRIE (SBN 201263)
gguthrie@wilkefleury.com
DANIEL J. FOSTER (SBN 238012)
dfoster@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:     (916) 441-2430
Facsimile:     (916) 442-6664

HEFNER, STARK, MAROIS, LLP
THOMAS P. GRIFFIN, JR. (SBN 155133)
2150 River Plaza Dr., Ste. 450
Sacramento, California 95833

Telephone:     (916) 925-6620
Facsimile:     (916) 925-1127

Attorneys for Plaintiffs
ANDREW and MARINA FOX

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 12-26226-C-7 |
| ROBERT MICHAEL DE LONG and DIANE MICHELLE DE LONG, | Adv No. 12-02298-C |
| Debtor(s). | **PLAINTIFFS ANDREW AND MARIA FOX'S PRETRIAL STATEMENT AND DISCLOSURES** |
| ANDREW FOX, et al., | Judge:   Hon. Christopher M. Klein |
| Plaintiff(s), | Date:    May 9, 2014 |
| v. | Time:    10:00 a.m. |
| ROBERT MICHAEL DE LONG, | Dept.:   C |
| Defendant(s). | |

## PLAINTIFFS ANDREW AND MARIA FOX'S PRETRIAL STATEMENT AND DISCLOSURES

Plaintiffs ANDREW FOX and MARINA FOX ("Plaintiffs") respectfully submit the following

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1

-1-

PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

Pretrial Statement and Disclosures.

## I.
## JURISDICTION-VENUE

Jurisdiction and Venue are not contested. This Court has original jurisdiction in this proceeding pursuant to 28 U.S.C. Sections 157 and 1334; Federal Rules of Bankruptcy Procedure Rule 7001; and 11 U.S.C. Sections 105, 523(a)(2), 523(a)(4), and 523(a)(6). Defendant MICHAEL DELONG (hereinafter "Delong" or "Defendant") filed for Chapter 7 Bankruptcy in this Court, Case No. 12-26226-C-7 on March 30, 2012. Furthermore, CASCADIAN LANDSCAPE INC. ("Cascadian"), a corporation, filed its own Chapter 7 bankruptcy case on May 23, 2012, Case No.12-29906 in this Court. Plaintiffs are creditors in both cases.

## II.
## UNDISPUTED FACTS

The following facts are not likely to be disputed:

1.      Plaintiffs own the real property located at 440 Bret Harte Road, Sacramento, California ("Property").

2.      On July 26, 2010 Plaintiffs entered into a $246,000.00 fixed price written contract with Defendant and/or Cascadian for the provision of labor, services and materials to complete a work of improvement that included, among other things, landscaping, fencing, gates, concrete flatwork, pool and driveway ("the Contract").

3.      On April 28, 2011 a written change order to the Contract was entered into for $4,000 between Plaintiffs and Defendant and/or Cascadian.

4.      On July 6, 2011 a written amendment to the Contract was entered into between Plaintiffs and Defendant and/or Cascadian wherein Defendant and/or Cascadian would receive an $8,000 advance on the construction draw schedule, in exchange for planting 15-gallon Photinia plants with a drip system and a 15-gallon fig tree with a drip system.

5.      On July 28, 2011, a written amendment to the Contract was entered into between Plaintiffs and Defendant and/or Cascadian, wherein Defendant would receive another unscheduled advance of $20,000, for which he agreed to complete the project by August 23, 2011, to install a

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1                    -2-
PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

fountain, to plant 6 juniper trees with drip system, and to forgo further payments until 80% of the work under the Contract, change orders, and amendments was completed.

6.    Defendant and/or Cascadian failed to complete the work as promised by August 23, 2011.

7.    On September 10, 2011 Plaintiffs and Defendant and/or Cascadian entered into another written amendment to the Contract between Plaintiffs and Defendant and/or Cascadian, wherein Defendant acknowledged receipt of past payments without completion of work as per schedule and that the Plaintiffs had paid all monies owed under the Contract and more. Defendant and/or Cascadian agreed, in exchange for an advance of $15,000 by Plaintiffs, to complete all work by October 15, 2011, to perform a minimum of 8 hours of work per day for 5 days each week until completion, and to forgo receiving any additional monies from Plaintiffs until work was completed. Defendant and/or Cascadian also agreed that Defendant and/or Cascadian would pay for any expenses incurred by Plaintiffs for any legal issues arising from the non-payment of subcontractors or others whom Defendant and/or Cascadian were responsible for and that Plaintiffs could recover their attorneys' fees from Cascadian and/or Defendant if work was not completed as promised or if there was a violation of this September 10, 2011 amendment.

8.    Defendant and/or Cascadian did not complete the work by October 15, 2011, did not pay the expenses of Plaintiffs arising from a legal action brought by an unpaid material supplier or any of plaintiffs' attorneys fees.

9.    Cascadian/Defendant received construction draw payments from Plaintiffs in the amount of $189,400 leaving approximately $40,000 of the construction fund yet to be dispersed at the time Defendant abandoned the project.

10.    Defendant and/or Cascadian stopped all work and abandoned the project at the Property and left the work unfinished, despite receiving multiple unscheduled advance payments based on further promises to do so by date certain.

11.    Plaintiffs had to incur costs over and above the contract price to repair and complete the work required under the Contract and Contract documents described above because Defendant and/or Cascadian abandoned the project at the Property without completing it and did not return.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1                                    -3-
PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

12.     Cascadian and/or Defendant failed to pay material suppliers and subcontractors which resulted in a mechanic's liens being filed against the Property and legal action to foreclose that lien for which Plaintiffs incurred legal costs.

13.     Plaintiffs filed a civil action against Defendant and Cascadian, among others, on February 22, 2012 in Sacramento Superior Court, Case No. 34-2012-00119168.

14.     Defendant filed the underling Chapter 7 Bankruptcy on March 30, 2012 in which a Discharge of Debtor was filed on July 16, 2012.

15.     Plaintiffs filed this adversary proceeding on July 9, 2012.

16.     Cascadian filed its own Chapter 7 Bankruptcy on May 23, 2012, Case No. 12-29906.

In addition, the facts set forth below, which were the subject of the requests for admissions propounded by Plaintiffs on Defendant, are not disputed. Plaintiffs' requests for admissions were deemed admitted based on Defendant's failure to respond in a timely manner; the Court subsequently denied Defendant's motion to withdraw the deemed admissions.

17.     Defendant and Cascadian failed to complete the construction work they promised to perform at the Property.

18.     Defendant and Cascadian breached the contract for construction work to be performed at the Property.

19.     Defendant diverted funds received specifically for the completion of construction work at the Property for use on other construction projects and for uses other than construction work at the Property.

20.     Defendant did not use all of the monies he received for construction work at the Property to complete construction of the Property.

21.     Between July 2010 and October 2011, Defendant worked on and completed construction work on other projects besides the Property.

22.     Between July 2010 and October 2011, Cascadian worked on or completed other projects besides the Property.

23.     Defendant and Cascadian have an ownership interest in a plant nursery, which was not disclosed in any bankruptcy filing.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1

-4-

PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

24. Defendant received $189,400 from Plaintiffs for construction work to be completed at the Property.

25. Despite promising in multiple written agreements, Defendant never intended to complete the construction work at the Property.

26. Despite specifically promising to do so for an advance of monies outside the construction draw schedule, Defendant failed to complete construction work at the Property by August 23, 2011.

27. Despite specifically promising to do so for an advance of monies outside the construction draw schedule, Defendant failed to complete construction work at the Property by October 15, 2011.

28. Defendant admits there is no evidence that he used the $15,000 unscheduled progress payment dated September 10, 2011 solely for construction work at the Property.

29. When Defendant received July 2011 and September 10, 2011 unscheduled progress payments, Defendant intended to use those payments for purposes other than construction work at the Property.

30. Defendant never intended to fulfill his promises to Plaintiff Andrew Fox on July 28, 2011 and September 10, 2011 that he would complete construction work at the Property by dates certain in exchange for unscheduled progress payments.

31. Defendant negligently performed construction work at the Property.

32. Defendant intentionally misrepresented to Plaintiff Andrew Fox the purpose of his requests for unscheduled progress payments so as to induce him to believe that he intended to use those funds for construction work at the Property, even though he actually intended to use those funds for other purposes.

33. Defendant abandoned his construction work at the Property, such that it required approximately $100,000 to complete and/or correct the work on the Project.

34. Defendant intentionally defrauded Plaintiffs out of construction funds they paid to him for construction work at the Property by purposes diverting those funds for other uses.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1

-5-

PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

## III.
## DISPUTED FACTUAL ISSUES

Plaintiffs contend, and Defendant disputes, the following facts:

1.    Cascadian was/is the alter ego of Defendant, in that he operated it as his individual business and that there was such a unity of interest that any individual or separateness between Defendant and Cascadian ceased to exist.

2.    Cascadian failed to adhere to the corporate formalities.

3.    Cascadian was inadequately capitalized.

4.    Defendant intentionally failed to use the proper building materials as per the plans and specifications for the Property.

## IV.
## DISPUTED EVIDENTIARY ISSUES

With regard to Defendant's deemed admissions, there are no disputed evidentiary issues. On December 18, 2013, the Court denied Defendant's motion to withdraw the deemed admissions. Further, Plaintiffs intend to make a motion to exclude previously undesignated expert witnesses from testifying at trial on behalf of Defendant.

## V.
## RELIEF SOUGHT

Plaintiffs seek an order stating that Defendant's debt to Plaintiffs, which is based on diversion of construction funds paid as unearned advancements and abandonment of the contract for construction of works of improvement on the Property, is excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2), 11 U.S.C. Section 523(a)(4), and 11 U.S.C. Section 523(a)(6). Plaintiffs also seek an award of attorneys' fees and costs incurred by Plaintiffs in this proceeding.

In addition, as discussed below, Plaintiffs also seek a determination of the amount of Plaintiffs' damages and for a money judgment on their fraud claims

## VI.
## POINTS OF LAW

1.    Whether the nondischargeability of Defendant's debt is proper based on Defendant's

does not apply.

1  fraudulent diversion of funds under 11 USC § 523(a)(2); 11 USC § 523(a)(4); 11 USC § 523(a)(6).

2      2.      Whether Defendant intentionally, willfully and maliciously and/or by false pretenses

3  diverted payments from Plaintiffs for works of improvement on their real property for use on other

4  unrelated construction projects or for purposes other than the construction work at Plaintiffs' real

5  property, thereby causing injury to Plaintiffs, the work of improvement and the Property.

6      3.      Whether Defendant made false and fraudulent representations to Plaintiffs that he

7  would complete the works of improvement to their real property which he knew to be false and in

8  order to fraudulently use, obtain and convert/divert and/or obtain monies for purposes other than on

9  the work of improvement under which he had a fiduciary duty to use said funds.

10     4.      Whether Defendant intentionally, willfully and maliciously concealed the true facts

11 regarding his diversion of funds and to obtain unearned advances of construction funds for an

12 improper purpose thereby injuring and damaging Plaintiffs, the work of improvement and the

13 Property.

14     5.      Whether Cascadian Landscape Inc. was financially insolvent so as to pierce the

15 corporate veil and substitute Defendant in place of the corporation.

16     6.      Whether Cascadian Landscape Inc. was the alter ego of Defendant.

17     7.      Whether Defendant breached his contract with Plaintiffs by failing to complete the

18 work at the real property known as 440 Bret Harte Road, Sacramento, California.

19     8.      Whether Defendant's failure to meet the terms of the Contract and its amendments and

20 modifications, including the September 2011 Amendment, entitles Plaintiffs to attorneys' fees as per

21 the terms of said amendment.

22     9.      Whether Defendant intentionally failed to use the appropriate materials for work of

23 improvements at the Plaintiffs' real property.

24     10.     Whether Defendant intentionally, willfully and maliciously failed to perform or

25 complete work in a workmanlike manner at the Plaintiff's real property.

26     11.     Whether Defendant intentionally, willfully and maliciously failed or refused to obtain

27 authorization or approval before adding or omitting from work called for under the Contract

28 Documents, the plans, specification or applicable building codes to injure Plaintiffs and their property.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1                                   -7-
PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

12.     Whether Defendant intentionally, willfully and maliciously abandoned the work of improvements at the Plaintiffs' real property causing injury to Plaintiffs, the work of improvement and the Property.

13.     Whether Defendant intentionally, willfully and maliciously failed or refused to pay subcontractors or material suppliers.

14.     Whether Defendant intentionally, willfully and maliciously failed to properly construct, supervise or oversee construction of the works of improvement of Plaintiffs' Property.

15.     Whether Defendants intentional, willful and malicious diversion of funds intended for the completion of the work of improvement to other uses and in failing to failing to pay subcontractors and/or material suppliers on the Project violated California Business and Professions Code Sections 7108, 7108.5 and 7120.

## VII.
## ABANDONED ISSUES

There are no abandoned issues.

## VIII.
## WITNESSES

Plaintiffs' witnesses include retained experts: Randall Stout and Mark Berry; Non-Retained Experts: Jeremy Gyori, Paul Hills, Dave Thompson, Patterson Landscape; as well as non-expert witnesses: Frank Murphy, Adam Nicholas, Eric London, Michael Beneke, Carl Stolnacke, Andrew Fox, Marina Fox, William C. Hill, Janette G. Leonidou and Jennifer Y. Leung, Manuel Gomez, Robert Michael De Long.

Plaintiffs reserve the right to call any witness listed on defendant's witness list. Furthermore, Plaintiffs reserve the right to call witnesses not listed for the purpose of authentication of a document or the purpose of rebuttal/impeachment testimony.

## IX.
## EXHIBITS—SCHEDULES AND SUMMARIES

Plaintiffs submit the following exhibit list to be used at trial. Plaintiffs reserve the right to supplement the exhibit list as necessary to respond to evidence and for rebuttal at the trial.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1

-8-

PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

1.      July 26, 2010 Construction Contract for 440 Bret Harte Road, Sacramento CA between Plaintiffs and Defendant. The Contract consisted of eleven pages with all attachments, proposals, and addendums, including one page entitled, "Addendum to Contract."

2.      April 28, 2011 Change Order for 440 Bret Harte Road, Sacramento, CA.

3.      July 6, 2011, July 28, 2011, and September 10, 2011 Amendments and/or Modifications to Existing Contract for 440 Bret Harte Road, Sacramento, CA.

4.      Payment Schedule for 440 Bret Harte Road, Sacramento, CA.

5.      Schedule updates from Defendant to Plaintiffs.

6.      Invoices for 440 Bret Harte Road, Sacramento, CA.

7.      Horizon Distributors, Inc. Invoices for work at 440 Bret Harte Road, Sacramento, CA.

8.      October 13, 2011 Mechanic's lien recorded against 440 Bret Harte Road, Sacramento CA by Horizon Distributors, Inc.

9.      Copies of checks paid to Defendant/Cascadian Landscape Inc. for construction work at 440 Bret Harte Road, Sacramento, CA.

10.     Gyori Development Corporation Proposal and Final Contract for completion of construction work at 440 Bret Harte Road, Sacramento, CA.

11.     Invoices and copies of payments made to Gyori Development Corporation for completion of construction work at 440 Bret Harte Road, Sacramento, CA.

12.     Invoices for work completed by Venegas Landscaping at 440 Bret Harte Road, Sacramento, CA.

13.     Invoices for work completed by A.V Landscaping for 440 Bret Harte Road, Sacramento, CA.

14.     Contract and proposal between Defendant and Murphy's Pools.

15.     Emails between Plaintiffs and Robert De Long.

16.     Emails between Plaintiffs and Kerry Austin.

17.     Emails between Plaintiffs and Paul Hills and Adam Nicholas.

18.     Emails between Eric London and Robert De Long.

19.     Plaintiffs' responses to Defendant's discovery set one.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

20.     Plaintiffs' Request for Production of Documents, set one to Defendant, and Defendant's responses.

21.     Plaintiffs' Request for Admissions, set one to Defendant.

22.     Plaintiffs' Special Interrogatories, set one to Defendant, and Defendant's responses.

23.     Job file for Murphy's Pools Inc.

24.     Pertinent portions of Deposition Transcript of Robert Michael De Long.

25.     Defendant's and Cascadian's Payroll records.

26.     Bank Statements for Cascadian Landscape Inc.

27.     Defendant's Contract, proposals, invoices and change orders for construction work at 3112 Corsica Drive, El Dorado Hills, CA 95762 for Leslie Tungland.

28.     Defendant's Contract, proposals, invoices and change orders for construction work at 1020 Via Savona Lane, Sacramento, CA  for Eric London.

29.     Defendant's Contract, proposals, invoices and change orders for construction work at 1536 Gladstone Drive, Sacramento, CA for Alice McReynolds.

30.     Defendant's Contract, proposals, invoices and change orders for construction work at Via Sovona Lane, Sacramento, CA for Mike Beneke.

31.     Defendant's Contract, proposals, invoices and change orders for construction work at 6429 Orilla Court, Rancho Murieta, CA 95683 for Jim and Jenny Catchot.

32.     Cascadian Landscape Inc. August 2010- October 2011 handwritten ledger.

33.     Defendant's/Cascadian's receipts and invoices produced in partial production.

34.     The Court's December 18, 2013 Order denying Defendant's motion to withdraw deemed admissions.

## X.
## DISCOVERY DOCUMENTS

Plaintiffs may offer their responses to Defendant's Request for Admissions, set one, Requests for Production of Documents set one, Special interrogatories, set one.

Plaintiffs may offer Defendant's deposition transcript from February 21, 2013, specifically pages 121-139, and Defendant's deposition transcript from January 15, 2013. In addition, Plaintiffs

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1                                    -10-
PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

1   may offer Jeremy Gyori's deposition transcript from January 16, 2014.

2        Furthermore, Plaintiffs may offer Defendants partial production of documents Bates stamped

3   1-814 and Defendant's deemed admissions to Plaintiffs Request for Admissions, Set One.

4
### XI.
### LOCAL RULE 9017-1
5

6        Pursuant to Local Rule 9017-1, Plaintiffs intend to lodge with the Court two days before trial

7   the following alternate direct testimony declarations and exhibits:

8        1.    Alternate Direct Testimony Declaration of Plaintiff Andrew Fox;

9        2.    Alternate Direct Testimony Declaration of Frank Marshall;

10       3.    Alternate Direct Testimony Declaration of Eric London;

11       4.    Alternate Direct Testimony Declaration of Paul Hills;

12       5.    Alternate Direct Testimony Declaration of Randy Stout;

13       6.    Alternate Direct Testimony Declaration of Jeremy Gyori (or relevant portions of

14  deposition transcript).

15       7.    All exhibits identified above in Section IX.

16       8.    All discovery documents identified above in Section X.

17
### XII.
### FURTHER DISCOVERY OR MOTIONS
18

19       Plaintiffs do not anticipate further discovery. Plaintiffs intend to file a motion to amend the

20  pleadings as discussed below. In addition, Plaintiffs intend to file motions in limine.

21
### XIII.
### STIPULATIONS
22

23       There are no presently agreed to stipulations.

24
### XIV.
### AMENDMENTS-DISMISSALS
25

26       Plaintiffs intend to file a motion to amend the pleadings requesting a determination of the

27  amount of Plaintiffs' damages and for a money judgment on their fraud claims. The Court has

28  jurisdiction to enter a money judgment in an adversary proceeding as discussed in *Cowen v. Kennedy*

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1                                      -11-
PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

1 | (9th Cir. 1997) 108 F.3d 1015 and *Sasson v. Sokoloff* (9th Cir. 2005) 424 F.3d 864.

2 |

### XV.
### AGREED STATEMENTS

4 | Plaintiffs do not believe that an agreed statement of facts is feasible or advisable.

### XVI.
### ATTORNEYS' FEES

In the event the Plaintiffs prevail in the adversary proceeding, they will seek attorneys' fees by filing a motion for the same within twenty-eight (28) days after entry of final judgment in accordance with L.R. 293.

Plaintiffs are entitled to attorney's fees based on the attorney's fees provision contained in the September 10, 2011 agreement between Plaintiffs and Defendant.

### XVII.
### MISCELLANEOUS

Plaintiffs are not aware of any other information that might aid in the disposition of the action.

DATED: April 28, 2014

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP


By: _____
DANIEL J. FOSTER
Attorneys for Plaintiffs
ANDREW and MARINA FOX

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

1103478.1

-12-

PLAINTIFFS PRETRIAL STATEMENT AND DISCLOSURES

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

3      At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Sacramento, State of California.  My business address is 400 Capitol Mall,
4 Twenty-Second Floor, Sacramento, CA 95814.

5      On April 28, 2014, I served true copies of the following document(s) described as **PLAINTIFFS ANDREW AND MARIA FOX'S PRETRIAL STATEMENT AND**
6 **DISCLOSURES** on the interested parties in this action as follows:

7                          **SEE ATTACHED SERVICE LIST**

8 ☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are
9      registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the
10      court rules.

11      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court
12 at whose direction the service was made.

13      Executed on April 28, 2014, at Sacramento, California.

14

15                                              Melissa M. Eaton

16

17

18

19

20

21

22

23

24

25

26

27

28

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**Fox v. Cascadian Landscape, et. al.**
**U.S. Bankruptcy Court Case No. 12-26226-C-7**
**Adversary Proceeding No. 12-02298-C**

Stephen C. Ruehmann                          Attorneys for Defendant
Reuhmann Law Firm, P.C.                       ROBERT MICHAEL DE LONG
770 L Street, Suite 950
Sacramento, CA 95814
(916) 449-3939


Thomas P. Griffin, Jr.                        Co-Counsel for Plaintiffs
Hefner, Stark, Marois, LLP
2150 River Plaza Dr., Ste. 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

-2-

PROOF OF SERVICE